894

Jeremy PHILLIPS, Individually, and as parent and natural guardian of Courtney Phillips and Shelby Phillips, and KELLY CHADWICK, Individually, and as parent and natural guardian of Courtney Phillips and Shelby Phillips, Plaintiff–Appellant,

v.

Patricia DeANGELIS, Officially as District Attorney of Rensselaer County and unofficially in her individual capacity, Joseph Ahearn, William Roberts, John Doe, an unidentified employee of Rensselaer County District Attorney, in their official and unofficial capacities, Rensselaer County, Defendants,

Trooper Matthew Zell, and Trooper Eric Leonard, Defendants–Appellees.

No. 08–4484–CV.

United States Court of Appeals, Second Circuit.

Sept. 15, 2009.

Warren Redlich, Albany, NY, for Defendants–Appellees.

Rajit S. Dosanjh (Barbara D. Underwood, Solicitor General, Andrew D. Bing, Deputy Solicitor General, of counsel), for Andrew Cuomo, Attorney General of the State of New York, Albany, NY, for Defendants–Appellees.

Present: GUIDO CALABRESI, JOSÉ A. CABRANES, PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court be **AFFIRMED**.

Plaintiffs-appellants Jeremy Phillips ("Phillips") and Kelly Chadwick, each in their individual capacity and as parent and natural guardian of Courtney Phillips and Shelby Phillips, appeal from an order granting summary judgment for defendants-appellees New York State Troopers Matthew Zell and Eric Leonard, District Attorney Patricia DeAngelis, Assistant District Attorneys Joseph Ahearn and William Roberts, and John Doe, an unidentified employee of the District Attorney's Office (jointly, "defendants") in plaintiffs' action under 42 U.S.C. § 1983, arising from the arrest and prosecution of Phillips for larceny. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Plaintiffs pursue only their claim for malicious prosecution against Trooper Zell on appeal, arguing that the District Court should not have granted summary judgment for defendant because there was no probable cause to arrest Phillips. Specifically, plaintiffs contend that the District Court erred in (1) failing to draw all reasonable inferences in favor of the non-moving party by making a factual finding in favor of defendants that was unsupported by the evidence and (2) finding that probable cause existed despite the "absence of a nexus between the plaintiff ... and the alleged crime." Appellant's Br. at 11.

We review *de novo* a district court's grant of summary judgment. *See, e.g., Fay v. Oxford Health Plan,* 287 F.3d 96, 103 (2d Cir.2002). A reviewing court is "required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable

inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of West Hartford,* 361 F.3d 113, 122 (2d Cir.2004) (internal quotation marks omitted).

We agree with the District Court that "[i]n light of the totality of the evidence, Zell had a sufficient basis of probable cause to initiate the prosecution." *Phillips v. DeAngelis,* 571 F.Supp.2d 347, 355 (N.D.N.Y.2008). We also agree with the District Court's holding, uncontested by plaintiffs, that "even if the plaintiffs made out a prima facie case of malicious prosecution ... defendants would be entitled to the defense of qualified immunity." *Id.* at 356. "[Q]ualified immunity shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Kerman v. City of New York,* 374 F.3d 93, 108 (2d Cir.2004) (internal quotation marks omitted). As the District Court held, "Zell's belief that he was not violating Phillips's clearly established constitutional right was objectively reasonable even if there was no probable cause to prosecute." *Phillips,* 571 F.Supp.2d at 356.

## CONCLUSION

Substantially for the reasons stated in the District Court's thorough and careful opinion, the judgment of the District Court is AFFIRMED.

---

* The Honorable Charles S. Haight, Jr., of the United States District Court for the Southern District of New York, sitting by designation.
** The Honorable Sonia Sotomayor, originally a member of this panel, was elevated to the Supreme Court on August 8, 2009. The two